IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JOSEPH W. SWORD and<br>PAULETTE M. SWORD,<br>    DEBTORS | : | BANKRUPTCY NO.: 5-05-bk-50608 |
| WILLIAM FELLIN and<br>ROSEMARIE FELLIN,<br>    PLAINTIFFS | : | {**Nature of Proceeding**: Plaintiffs' Motion for Summary Judgment (Doc. #19)} |
| vs. | : | |
| JOSEPH W. SWORD<br>and WILLIAM G. SCHWAB,<br>    DEFENDANTS | : | **ADVERSARY NO.: 5-05-ap-50171** |

# **OPINION**[1]

Before the Court is an Amended Complaint and Objection to Discharge of a Debt filed June 16, 2005. While the original Complaint cited 11 U.S.C. § 523(a)(2) and (a)(4), the Plaintiffs added in their brief an additional cause of action under 11 U.S.C. § 523(a)(19) and the Defendant did not object to this addition. Following the filing of an answer to the Amended Complaint, the Plaintiffs filed a Motion for Summary Judgment (Doc. #19) which is the subject of the instant Opinion and Order.

The relevant underlying facts can be summarized as follows. On October 29, 2004, the Court of Common Pleas of Luzerne County, Pennsylvania, at Civil No. 5244 C 2004, entered a default judgment in favor of the Plaintiffs and against the Defendant in the amount of $235,297.89, together with interest and costs. The underlying state court complaint alleged several violations of the Pennsylvania Securities Act of 1972, the Unfair Trade Practices

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\...\Opinions\05-ap-50171_Sword.wpd]

Consumer Protection Law, Unjust Enrichment, and Breach of Fiduciary Duty. The Plaintiffs' Motion for Summary Judgment further alleges that the Defendant had counsel in the state court action who entered an appearance on behalf of the Defendant. Furthermore, there were both telephone conversations and correspondence confirming an extension of time granted to the Defendant to file an answer to the underlying state court complaint. Regardless of the extension granted to the Defendant, the complaint went unanswered and on October 29, 2004, judgment was entered against the Defendant in the amount referenced above. Subsequent to the entry of that default judgment, Defendant's counsel acknowledged the default judgment but also failed to respond to requests for admissions served upon the Defendant in the state court action. Plaintiffs request this Court conclude, based upon these facts, that the underlying debt is exempted from discharge under all the above-referenced bankruptcy subsections of § 523, and the Defendant is estopped from collaterally attacking the entry of the underlying state court default judgment. In support of this position, Plaintiffs cite the case of *Wolstein v. Docteroff*, 133 F.3d 210 (3d Cir. 1997).

      The Defendant filed an answer to the Motion for Summary Judgment but failed to file a brief in opposition. In short, the answer alleges several procedural errors in the entry of the default judgment, all in violation of the Pennsylvania Rules of Civil Procedure.

      Applying the *Docteroff* reasoning to this case, the Court cannot find that the Defendant is collaterally estopped from challenging the instant Complaint objecting to dischargeability. The facts as presented in this Motion simply do not rise to the level of egregious behavior as that in the *Docteroff* case. The Third Circuit wrote, "[i]n the months following the filing of the complaint in the Washington case, Docteroff repeatedly and in bad faith refused to submit to

properly noticed depositions or respond to numerous legitimate requests for the production of documents despite court orders and warnings. The district court found that Docteroff's 'non-compliance with discovery rules and Court orders was the product of willfulness and bad faith.'" *Id.* at 213. The court further wrote that Docteroff had every opportunity to fully and fairly litigate any relevant issue in the state court but that he had simply elected not to comply with court orders. Docteroff, the court reasoned, realized that his position was without merit and decided to frustrate the orderly litigation by wilfully obstructing discovery. The court wrote, "[w]e do not hesitate in holding that a party such as Docteroff, who deliberately prevents resolution of a lawsuit, should be deemed to have actually litigated an issue for purposes of collateral estoppel application. . . . To hold otherwise would encourage behavior similar to Docteroff's and give litigants who abuse the processes and dignity of the court an undeserved second bite at the apple. We reject such a result." *Id.* at 215.

The court in *Lincoln Trust Custodian v. Parker*, 250 B.R. 512, 517 (M.D. PA 2000) reminds us that the Third Circuit, when interpreting the collateral estoppel doctrine, has invoked that doctrine sparingly where the underlying judgment was a procedural default. The *Parker* court instructed that summary judgment was inappropriate under the circumstances presented in that case where the evidence possibly suggested innocent indiscretion on the part of the debtor and where there was no legal support for the *per se* collateral application of default judgments. "A finding that collateral estoppel should apply here is inappropriate absent fact-finding by the bankruptcy court which would convincingly indicate more egregious misconduct to place the instant case within the ambit of the Docteroff exception." *Id.* at 521 *citing In re Braen*, 900 F.2d 621, 628 (3d Cir. 1990). Similar fact finding must be done in this case.

Based upon the rationale of *In re Docteroff* and the instructions by the court in *Lincoln Trust Custodian v. Parker*, this Court finds that the instant Motion for Summary Judgment must fail and the better course to follow in resolution of this adversary is to proceed to trial on the merits.

An Order will follow.

Date: April 17, 2006

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic opinion is signed and filed on the same date.*