IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JOSEPH W. & PAULETTE M. SWORD, | : | CHAPTER SEVEN |
| | : | |
| DEBTORS | : | Case No. 5-bk-05-50608 |
| _____ | : | _____ |
| | : | |
| WILLIAM & ROSEMARIE FELLIN | : | |
| | : | ADV. NO. 5-ap-05-50171 |
| PLAINTIFFS, | : | |
| V. | : | {**Nature of Proceeding:** Motion for |
| JOSEPH W. & PAULETTE M. SWORD, | : | Reconsideration} |
| | : | |
| DEFENDANTS | : | |

# **OPINION**[1]

The Plaintiffs, William and Rosemarie Fellin, (hereinafter "Plaintiffs") have asked the Court to reconsider a portion of its November 14, 2006 Bench Decision and Order, finding their claims against the male Debtor dischargeable.

After an evidentiary hearing on November 14, 2006[2], the Court held the Plaintiffs had failed to show, by a preponderance of the evidence, that the debt was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2),(4) or (19). Plaintiffs now seek reconsideration of the Court's finding that the subject debt was dischargeable under § 523(a)(19)[3], arguing it was improper for the Court to disregard a default judgement obtained by the Plaintiffs against the male Debtor in the

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] The Court's Decision was recited orally under Federal Bankruptcy Rule 7052 on November 14, 2006.

[3] Although Plaintiffs originally asserted the debt was non-dischargeable under § 523(a)(2), (4), (19) the Motion for Reconsideration appears to contest only the Court's finding with regard to § 523(a)(19). *See Pls.' Mot. for Recons.*, Adv. No. 5-ap-05-50171 (No. 31).

-1-

Court of Common Pleas of Luzerne County[4] (hereinafter "Default Judgement"). For the foregoing reasons, the Motion to Reconsider is granted, and Plaintiffs' claim of $235,297.89 will be deemed non-dischargeable as to the male Debtor.

**Jurisdiction**

This Court has jurisdiction over the instant matter, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(1), (2)(I).

**Background**

A trial was held on this matter on November 14, 2006, at the end of which a Decision was made orally pursuant to Federal Rule of Bankruptcy Procedure 7052. Various witnesses, including the male Plaintiff and male Debtor, testified to the circumstances surrounding the various securities transactions, and subsequent lawsuit, which preceded the bankruptcy petition. At trial, the Court admitted into evidence the Complaint in the State Court action which led to the Default Judgement. The Court took judicial notice of the Default Judgement.

Following this Court's Decision, the Plaintiff timely filed the instant Motion for Reconsideration under Federal Rule of Bankruptcy Procedure 9023.[5]

**Analysis**

Dischargeability actions require creditors to prove non-dischargeability by a preponderance of the evidence. *In re Graham,* 973 F.2d 1089, 1101 (3d Cir. 1992). The preponderance of the evidence standard places the burden on the creditor to prove the facts

---

[4]*William G. Fellin & Rosemarie Fellin v. Joseph T. Sword,* Luzerne County Court of Common Pleas, Civil Term No. 5244 (2004)

[5]Federal Rule of Bankruptcy Procedure 9023, which incorporates by reference Federal Rule of Civil Procedure 59, requires the motion to be made within ten days of the judgement.

asserted are more probably true than false. See *Burch v. Reading Co.*, 240 F.2d 574, 579 (3d Cir. 1957); *see also Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659 (1991). ". . . because of bankruptcy's underlying concern for affording a new beginning, statutory exceptions to discharge are generally construed 'narrowly against the creditor and in favor of the debtor'." *In re Mehta* 310 F.3d 308, 311 (3d Cir. 2002) (*citing In re Pelkowski,* 990 F.2d 737, 744 (3d Cir. 1993)).

> Bankruptcy Code Section 11 U.S.C. § 523(a)(19) excepts from discharge any debt which:
>
> (A) is for--
>     (i) The violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>     (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
> (B) results, before, on, or after the date on which the petition was filed, from--
>     (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>     (ii) any settlement agreement entered into by the debtor; or
>     (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor. 11 U.S.C. § 523(a)(19)

The term "and" between Subsections (A) and (B) deems the two Subsections conjunctive, meaning both sections must be satisfied in order to comply with the statute. *See Reese Bros., Inc. v. U.S.,* 447 F.3d 229, 235 (3d Cir. 2006). This Court does not dispute the validity of the Default Judgement, nor does the Court contend it is insufficient for purposes of meeting Subsection (B). However, notwithstanding the validity of the judgement, the case pivots on whether the Default Judgement is sufficient to meet the requirements of Subsection (A) of § 523(a)(19).

-3-

The Default Judgement, as evidenced by the praecipe seeking default[6], is cursory at best and reads as follows:

> Pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure, please enter judgement against Defendant Joseph T. Sword for judgement in favor of Plaintiffs William G. Fellin and Rosemarie Fellin, in the amount of $235,297.89, together with interest and costs, for failure to answer the Complaint within ten (10) days of the attached Important Notice. (Pls.' Ex. 2)

This Court notes that the Default Judgement makes no reference to a violation of any Federal or State securities law, regulation or order as required by § 523(a)(19)(A)(i), nor does it make reference to any finding that Debtor, Joseph T. Sword, committed common law fraud, deceit, or manipulation in connection with the purchase or sale of any security as required by § 523(a)(19)(A)(ii).

The State Court Complaint upon which the Default Judgement was premised prayed for $235,297.89 money damages under the following five theories: 1) for violations of § 502 of the Pennsylvania Securities Act of 1972; 2) violations of § 501 of the Pennsylvania Securities Act of 1972; 3) violations of the Unfair Trade Practices Consumer Protection laws; 4) unjust enrichment; and, 5) breach of fiduciary duty. (Pls.' Ex. 1). The latter three counts were premised on the same securities transactions giving rise to the first two counts. (Pls.' Ex. 1).

The Plaintiffs' Motion for Reconsideration alleges the Default Judgement is res judicata as to the non-dischargeability requirements of 11 U.S.C. § 523(a)(19).

Resolution of this matter raises the following issue: under Pennsylvania law, what was determined by the Default Judgement? Pennsylvania law states ". . . a default judgment that is not reversed or vacated through some means of direct attack is as valid as a judgment entered

---

[6] *See* (Pls.' Ex. 2).

-4-

after trial on the issues." *Roberts v. Gibson,* 214 Pa. Super. 220, 225, 251 A.2d 799, 802 (Pa. Super. 1969); <u>see also</u> *Signora v. Liberty Travel, Inc*., 886 A.2d 284, 290 (Pa. Super. 2005) (default judgement is "as conclusive as one rendered on a verdict after litigation insofar as defaulting defendant is concerned").

At trial, it was established that no appeal or attack was made on the Default Judgement at the State Court level. Therefore, because the Default Judgement definitively determined that the male Debtor violated the Pennsylvania Securities Act of 1972, as alleged in the State Court Complaint, the Court finds the default to be sufficient to carry the Plaintiffs' burden of proof of non-dischargeability, as to him.

This conclusion is consistent with the underlying policies of § 523(a)(19), as elucidated by Judge Gropper in *In re Gibbons*:

> The legislative history also demonstrates an intention to apply § 523(a)(19) as broadly as possible in pending bankruptcy cases. Senator Leahy stated, as part of his section-by-section analysis of the bill: 'This provision [§ 523(a)(19)] is meant to prevent wrongdoers from using the bankruptcy laws as a shield and to allow defrauded investors to recover as much as possible. To the maximum extent possible, this provision should be applied to existing bankruptcies.' 289 BR 588, 593, <u>citing</u> 148 Cong. Rec. S7418 (daily ed. July 26, 2002) (statement of Senator Leahy).

In sum, considering the legislative history, coupled with Pennsylvania's recognition of default judgements constituting final adjudication of the issues contained therein, and the entire record, the Plaintiffs' Motion for Reconsideration is granted. The Court further finds the Plaintiffs' $235,297.89 claim, as evidenced by the Default Judgement, to be non-dischargeable under § 523(a)(19) as to the male Debtor, Joseph W. Sword, only. An Order consistent with this Opinion will be issued.

-5-